UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JCD, INC. d/b/a JCD MARKETING | * | CIVIL ACTION NO. 2:24-cv-02489 |
| Plaintiff, | * | |
| | * | SECTION: M(5) |
| v. | * | |
| | * | JUDGE BARRY W. ASHE |
| HRI HOSPITALITY, LLC d/b/a | * | |
| ALOFT NEW ORLEANS DOWNTOWN | * | MAGISTRATE JUDGE |
| Defendant. | * | MICHAEL B. NORTH |

* * * * * * * * * * * * * * * * * * * * * * * * *

### AMENDED COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes JCD, Inc. d/b/a JCD Marketing ("JCD"), which respectfully files its Amended Complaint to the original Complaint for Damages:

**PARTIES**

1.

JCD is a corporation incorporated under Georgia law with its principal place of business in Suwanee, Georgia.

2.

Made Defendant herein is 225 Baronne Complex, LLC d/b/a Aloft New Orleans Downtown ("Aloft"). Aloft is a limited liability company whose sole member is 225 Baronne Complex Manager, LLC.

3.

225 Baronne Complex Manager, LLC is a limited liability company whose sole member is HRI Properties, LLC.

4.

HRI Properties, LLC is a limited liability company whose sole member is HRIP Holdings, LLC.

5.

HRIP Holdings, LLC is a limited liability company whose members are Pres Kabacoff, A. Thomas Leonard, Edward Boettner, HRI Boettner Family Trust, and The Gary C. Meadows Children's Trust.

6.

Pres Kabacoff is a person of the full age of majority and a Louisiana resident.[1]

7.

A. Thomas Leonard is a person of the full age of majority and a Louisiana resident.[2]

8.

Edward Boettner is a person of the full age of majority and a Louisiana resident. Mr. Boettner is also the trustee of the HRI Boettner Family Trust.[3]

9.

The trustee of The Gary C. Meadows Children's Trust is Heather F. Meadows, a person of the full age of majority and a Louisiana resident.

---

[1] *See* Defendant's Corporate Disclosure Statement (R. Doc. 27).
[2] *Id*.
[3] *Id.*; For purposes of diversity jurisdiction, a trust's citizenship is based upon the citizenship of its trustee.

## JURISDICTION AND VENUE

10.

This matter involves a controversy between citizens of different states and an amount in controversy in excess of $75,000, exclusive of interest and costs. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332.

11.

JCD would have profited in excess of $75,000 if had been able to utilize the Aloft room block for its 2025 Super Bowl tours and packages.

12.

Venue is proper under 28 U.S.C. § 1391(b), as it is where a substantial part of the events giving rise to the claims asserted herein occurred.

## FACTS

13.

JCD is in the business of creating and marketing tour packages for major sporting events, such as the Super Bowl.

14.

The Super Bowl is a U.S. cultural hallmark. It is the most-watched U.S. television program with hundreds of millions of people watching on television and an estimated hundreds of thousands of more people flocking to the host city. The 2025 Super Bowl is to be hosted in New Orleans, which makes attendance at the 2025 Super Bowl even more desirable, as New Orleans is one of the most popular tourist destinations in the United States.

15.

Accordingly, this breach of contract claim is unique because the block of hotel rooms is not for just any weekend in any city. Reserving a block of hotel rooms in New Orleans for the 2025 Super Bowl is done through meticulous planning years in advance.

16.

Accordingly, in October 2022, JCD's Director Amy Chandler contacted Aloft, a hotel located in downtown New Orleans operated by HRI Hospitality, to reserve a block of hotel rooms for the 2025 Super Bowl.

17.

Ms. Chandler communicated with Monique Davis, Aloft's Director of Sales and Marketing, to inquire about room rates for a block of 25 hotel rooms for February 6, 2025 through February 10, 2025, the weekend of the 2025 Super Bowl.

18.

During these communications, Ms. Chandler expressed to Ms. Davis that JCD was a third-party planner that would have clients in the rooms, and Ms. Davis acknowledged that JCD was booking this hotel room block for attendees.

19.

Subsequently, on November 14, 2022, JCD and Aloft entered into the contract.

20.

Under the contract, Aloft would provide 22 king rooms and 3 double rooms from February 6, 2025 through February 10, 2025 for a rate of $599.00 per night plus applicable tax, and JCD was to pay an initial advance of $17,425.95 on November 14, 2022, and, pursuant to the contract,

the remaining balance was due in full on an agreed upon schedule of $17,425.95 on February 7, 2024; $17,425.95 on July 7, 2024; and $17,425.95 on December 7, 2024. [4]

21.

JCD executed a credit card authorization and "agree[d] that the Hotel may charge to [its] credit card any payment as required under this Group Sales Agreement."[5]

22.

On April 25, 2023, Ms. Chandler went to Aloft for a site visit and met with Ms. Davis.

23.

During the April 25, 2023 site visit, Ms. Chandler and Ms. Davis discussed the tour packages that JCD puts together for major sporting events, including the 2025 Super Bowl, and Ms. Chandler explained JCD's program and plans for the block of hotel rooms booked with Aloft for February 6, 2025 through February 10, 2025, the weekend of the 2025 Superbowl.

24.

Ms. Davis sent a follow-up email after the site visit indicating that she was looking forward to continuing their relationship leading up to JCD's arrival for the weekend of the 2025 Super Bowl.

25.

At the time of the April 25, 2023 site visit and follow-up email, neither Ms. Davis nor anyone else at Aloft had charged JCD's credit card for the November 14, 2022 initial payment.

---

[4] *See generally* Exhibit A to the Original Complaint for Damages, Contract between JCD Marketing and Aloft New Orleans Downtown, which is incorporated herein by reference.
[5] *Id.* at p. 2.

26.

It was not until August 27, 2024 that Aloft's new Director of Sales, Megan Heitz, charged the initial payment. Neither the February 7, 2024 nor the July 7, 2024 deposits have been charged to JCD's credit card on file with Aloft despite JCD's explicit consent under the contract to do so.

27.

On September 18, 2024, Ms. Heitz called Ms. Chandler to inform her that Aloft was cancelling JCD's room block due to "nonpayment."

28.

On September 20, 2024, Ms. Heitz sent a letter to Ms. Chandler confirming that Aloft cancelled JCD's room block for JCD's failure to remit timely payment of the deposits.

29.

Aloft cancelled JCD's room block despite having JCD's credit card information since November 14, 2022 and having authorization under the contract to charge JCD's credit card for any payment required.

30.

JCD contracted for this hotel room block over two years before the 2025 Super Bowl in anticipation of the high demand for hotel rooms. And now, with the 2025 Super Bowl less than four months away, there are limited, if any hotel room blocks available in downtown New Orleans from February 6, 2025 through February 10, 2025, the weekend of the 2025 Superbowl.

**BREACH OF CONTRACT**

31.

Paragraphs 1 through 30 are repeated and realleged as though fully set forth here.

32.

JCD and Aloft entered into a contract on November 14, 2022 for a block of 25 hotel rooms for February 6, 2025 through February 10, 2025, the weekend of the 2025 Super Bowl.

33.

The contract stated that JCD was to pay an initial advance of $17,425.95 on November 14, 2022, and the remaining balance was due in full on an agreed upon schedule of $17,425.95 on February 7, 2024; $17,425.95 on July 7, 2024; and $17,425.95 on December 7, 2024.

34.

Pursuant to the contract, JCD executed a credit card authorization and "agree[d] that the Hotel may charge to [its] credit card any payment as required under this Group Sales Agreement."[6]

35.

Aloft failed to charge JCD's credit card for the initial deposit on November 14, 2022.

36.

On February 7, 2024, Aloft failed to charge JCD's credit card for the second deposit.

37.

On July 7, 2024, Aloft failed to charge JCD's credit card for the third deposit.

38.

Aloft did not charge JCD's credit card for the initial deposit until August 27, 2024.

39.

Aloft has never charged JCD's credit card for the remaining deposits due despite JCD's express consent under the contract to do so.

---

[6] Exhibit A at p. 2.

40.

On September 18, 2024, Aloft abruptly cancelled JCD's contract for a block of 25 hotel rooms for February 6, 2025 through February 10, 2025.

41.

Pursuant to the contract, Aloft agreed to provide a block of 25 hotel rooms for February 6, 2025 through February 10, 2025, and JCD agreed to have its credit card charged for the deposit amounts owed for this room block.

42.

JCD performed its obligations as agreed upon pursuant to the contract.

43.

Aloft failed to perform its obligations under the contract by cancelling the contract and failing to provide the agreed-upon hotel room block of 25 rooms for February 6, 2025 through February 10, 2025.

44.

Importantly, the contract explicitly states that "[t]his event is non-cancellable."[7]

45.

By cancelling the contract and failing to provide the agreed upon rooms, Aloft has breached the contract terms.

46.

Aloft is liable for the damages caused by its failure to perform the agreed-upon conventional obligation.

---

[7] Exhibit A at p. 3.

47.

Aloft knew that JCD entered into the contract with the intention that third parties would use the rooms in the hotel room block such that Aloft's failure to perform its obligations under the contract would result in a loss of profits for JCD.

48.

Aloft refused to fulfill its contractual obligations and intentionally failed to perform its obligations by not charging JCD's credit card.

49.

As a result of Aloft's breach of contract, JCD seeks and is entitled to a judgment against Aloft for its loss sustained, the profit of which it has been deprived, and all other damages that are a direct consequence of Aloft's failure to perform.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, JCD, Inc. d/b/a JCD Marketing prays that this Amended Complaint for Damages be deemed good and sufficient and that after due proceedings are had there be judgment in JCD, Inc. d/b/a JCD Marketing's favor and against 225 Baronne Complex, LLC d/b/a Aloft New Orleans Downtown and that Defendant, 225 Baronne Complex, LLC d/b/a Aloft New Orleans Downtown, be held liable to JCD, Inc. d/b/a JCD Marketing for all damages sustained and to be sustained by JCD, Inc. d/b/a JCD Marketing, for costs and attorney's fees as provided for under the contract, and for all other general and equitable relief to which it may be entitled.

       Respectfully submitted,

       **IRWIN FRITCHIE URQUHART**
        **MOORE & DANIELS LLC**

       */s/ Gabrielle C. Broders*
       Lloyd N. Shields (La. Bar No. 12022)
       Gabrielle C. Broders (La. Bar No. 39821)
       400 Poydras Street, Suite 2700
       New Orleans, Louisiana 70130
       Tel: (504) 310-2100
       Fax: (504) 310-2101
       LNS@irwinllc.com
       gbroders@irwinllc.com

       Counsel for JCD, Inc.
         d/b/a JCD Marketing